UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN DELVO, d/b/a/ ECHOS BISTRO, <br><br> Plaintiff, <br><br> vs. <br><br> ST. PAUL TRAVELERS INS. CO, d/b/a/ CHARTER OAK FIRE INS. CO., <br><br> Defendant. | No. CV-06-274-JLQ <br><br> MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MOTION TO AMEND SCHEDULING ORDER AND SUPPLEMENT DEFENDANT'S WITNESS LIST |

This matter came regularly on for hearing and argument on the 24th day of May, 2007, on the Defendant's Motion For Partial Summary Judgment (C.R. 30) filed on April 18, 2007, and on the Defendants' Motion To Alter Scheduling Order And To Supplement Defendant's Witness List (C.R. 52) filed on April 30, 2007. The Defendant and movant Charter Oak Fire Insurance Company appeared through John A. Bennett, Esq.. The Plaintiff appeared through James M. Danielson, Esq.. Following oral argument, the court Denied the Defendant's Motion For Partial Summary Judgment and Granted In Part and Denied in Part the Defendant's Motion to Alter Scheduling Order And To Supplement Defendant's Witness List. The reasons for the court's rulings are those stated orally and those set forth herein.

## **I. Procedural Background**

The Plaintiff filed this action on August 26, 2006, in Chelan County, Washington, Superior Court to recover on a fire insurance policy that the Defendant admits covered the 2005 fire at the Plaintiff's Echos Bistro in Leavenworth, Washington. The Defendant,

ORDER - 1

having paid for the building and personal property fire loss, does not contend that the Plaintiff was in any manner responsible for the fire, but contends that all coverage, including the property insurance, was voided by reason of the Plaintiff having allegedly filed false claims with the Defendant for employee wages paid after the fire.  The Defendant seeks not only to recover the employee wages paid, but also seeks to recover the sums paid for property damages, even though there is no claim by the Defendant that the claim therefor was false or erroneous in any manner. The Defendant removed the Plaintiff's state court action to this court.

In accordance with this court's ongoing practice, the court, on October 26, 2006, Noticed a Scheduling Conference for November 21, 2006, and required counsel for the parties to file their proposed Discovery Plan including requested dates for completion of all discovery, filing of dispositive motions, and trial.  The parties filed their Joint Proposed Discovery Plan (C.R. 5) on November 6, 2006, and requested a trial date between April 16, 2007, and May 4, 2007, with a discovery cut-off date three (3) months prior thereto (Jan 16- Feb. 4, 2007) and a cut-off date for the filing of dispositive motions two (2) months prior to trial (Feb. 16-March 4, 2007). Because of conflicting trials already scheduled, the court did not set the matter for trial as early as the parties requested, but after the Scheduling Conference, entered its Scheduling Order (C.R. 8) on November 22, 2006, which set the following relevant dates:

    January 15, 2007-Plaintiff's final list of trial witnesses to be served and filed.

    February 5, 2007-Defendant's final list of trial witnesses to be served and filed.

    March 16, 2007-All discovery to be completed on or before this date.

    April 18, 2007-Dispositive motions cut-off.

    June 8, 2007-Final pre-trial conference in Spokane, WA.

    June 18, 2007-Jury trial commences in Spokane, WA.

ORDER - 2

Of particular relevance to the pending motions is that provision of the Scheduling Order concerning the filing of final trial witness lists stating that "[These lists shall not be supplemented without leave of court to prevent manifest injustice." Further, at the Scheduling Conference, the court advised counsel that the dates it was setting were somewhat longer than requested by counsel, but that the cut-off dates were "cast in concrete" since all pre-trial dates were tied to the firm trial date of June 18, 2007. The court further cautioned counsel that the final dates for filing trial witness lists was to ensure that counsel would have ample time to depose opposing witnesses prior to the discovery cut-off date, in this case March 16, 2007. Despite this admonition, on March 15, 2007, one day before the discovery cut-off date of March 16, 2007, the Defendant filed a motion to extend the discovery cut-off date to allow the deposition of a Washington State Employment Security Department employee, Alicia Provo. Because of the impending dispositive motion and trial dates, the court expedited argument on that matter to March 20, 2007, and on that date entered its Order Granting Motion For Deposition of Alicia Provo (C.R. 27). That Order directed that the deposition of Ms. Provo, could be taken past the discovery cut-off date, provided it was taken promptly. The Order further specified that this extension did not extend any of the other cut-off dates set forth in the court's November 22, 2006, Scheduling Order.

On April 10, 2007, over two months after the Defendant's final trial witness cut-off date, the Defendant, without moving the court or the Plaintiff for permission, filed a "Defendant's Supplemental Witness List" (C.R. 29) listing six trial witnesses in addition to those listed in its February 5, 2007, Defendant's Witness List. Included in this list was one Penny Johnson who allegedly worked for the Plaintiff in 2004 at a different restaurant owned by the Plaintiff (The Edel Haus) which previously suffered fire damage for which wage loss was paid by a different insurance company (Oregon Mutual). The Defendant herein, Charter Oak, stated in this Supplemental Witness List
that Ms. Johnson would testify that in connection with the unrelated 2004 Edel Haus fire,

ORDER - 3

the Plaintiff asked her to "return to him a portion of her continuing wages that were being reimbursed to Mr. Delvo by Oregon Mutual, and that she refused the request." The Plaintiff objected to this untimely and unauthorized filing of the Supplement Witness List and filed a Motion In Limine (C.R. 40) to preclude the testimony of the additional witnesses. Thereafter, on April 30, 2007, the Defendant filed the Motion For Extension of Time To File Supplemental Witness List. This motion was filed well after the expiration of the discovery cut-off date and also after the dispositive motion cut-off date.

## II.  Motions Factual Background And Analysis

**A.** In its Motion For Partial Summary Judgment, the Defendant Charter Oak Insurance Company contends there is insufficient evidence to warrant submittal of the Plaintiff's Washington Consumer Protection Act (CPA) claim to a jury. The Defendant contends the time it took from the date of the fire at the Echos Bistro on November 17, 2005, until it determined there was fire coverage and no arson in February, 2006, was not an unreasonable amount of time. At oral argument, counsel for the Plaintiff stated that it was not contending that this time was unreasonable.

What is at issue herein is whether the actions of the Defendant in refusing to pay the balance owing on the Plaintiff's wage reimbursement claim and seeking to avoid and recover any and all sums previously paid to the Plaintiff can support the CPA claim. The Defendant's "good faith" position stems from a May 11, 2006, call to the Defendant's independent adjuster, Bruce Morrison, from one Dana Newman, a former waitress employee at the Echos Bistro in which Ms. Newman allegedly stated that the Plaintiff had required her to return to him $3,000 of her wage check dated March 1, 2006. Ms. Newman also informed Morrison that employees Robert Rosa and Mariana Media were also asked or forced by the Plaintiff to return a portion of their wages. Despite contact efforts by Morrison, he was unable to interview Rosa or Media, who allegedly deny the

statements of Ms. Newman. The Plaintiff strongly denies the Newman allegations and

ORDER - 4

contends that the Defendant and its agents failed to investigate, discover, and give credence to the fact that Ms. Newman was allegedly fired by the Plaintiff and thereafter filed a criminal complaint against him that was subsequently dismissed.

Mr. Morrison did interview Vincente Sanchez, another Echos Bistro employee, who on June 29, 2006, told Morrison that the Plaintiff escorted him to cash his $6,000 wage check, but required Sanchez to return $4,000 to the Plaintiff. The Plaintiff, under oath, denied Sanchez's allegations. Sanchez thereafter so testified in a deposition, however, he subsequently recanted his prior statement and testimony stating that he had been drinking heavily at the time thereof.

The Defendant insurance company contends that the foregoing evidence establishes that it has acted in good faith and its refusal to pay the balance owing on the coverage and its efforts to recover any and all monies previously paid to the Plaintiff for property loss, lost income, and wage continuation claims does not constitute the bad faith required to recover under the Washington CPA. Obviously, in ruling on a summary judgment motion, the opposing party is entitled to all reasonable inferences flowing from the evidence. Washington law, R.C.W. 48.01.130, requires insurers to act in good faith in dealing with their insureds. *Pruitt v. Alaska Assur. Co.*, 28 Wash. App. 802, 804, 626 P. 2d 528 (1981); *Industrial Indemnity v. Kallevig*, 114 Wash. 2d 907, 916, 907 P. 2d 520, 526 (1990). The *Kallevig* case at 907 P. 2d 526 is particularly instructive. It states in part that "[This fiduciary duty to act in good faith is fairly broad and may be breached by conduct short of intentional bad faith or fraud." *Kallevig*, at 526 further states that "an insurer's denial of coverage, without reasonable justification, constitutes bad faith." See also, *Whistman v. West. Am.*, 38 Wash. App, 580-584-5, 686 P. 2d 1086 (1984)"[a]ctions by an insurer done without reasonable justification are done without the good faith mandated by RCW 48.01.030." Finally, the language of *Kallevig,* also at 526,

is most instructive: "an insurer must make a good faith investigation of the facts before

ORDER - 5

denying coverage and may not deny coverage based on a supposed defense which a reasonable investigation would have proved to be without merit."  These authorities dictate that at this stage of the case, the Defendant's Motion For Summary Judgment on the Plaintiff's Washington CPA claim must be and is Denied.

**B.**  In its Motion To Alter Scheduling Order and To File Supplemental Witness List, the Defendant now seeks to interject the occurrence of the unrelated 2004 Edel Haus fire and  the so-called Rule 404(b) testimony of Penny Johnson concerning an alleged request by  the Plaintiff for her to return a portion of her paid continuation wages to him, which she says she rejected. However, the exact nature of the proposed Johnson testimony is somewhat uncertain in that after the filing of the Supplemental Witness List, a further filing on May 7, 2007,   the Supplemental Declaration Of John A. Bennett In Support Of The Supplemental Memorandum (C. R. 60), states that now, Ms. Johnson would testify that she did not receive any wage continuation payment following the 2004 Edel Haus fire, seemingly in conflict with the earlier statement she gave concerning a request for a return of continuation wages she had been paid.

Federal Rule of Evidence (F.R.E.) 404(b) states in part that evidence of "other wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Counsel for the Defendant argued, however, that the Johnson testimony is admissible to show that the Plaintiff had a "plan" to defraud insurance companies by making wage continuation claims and then demanding that the employee return a portion thereof to the employer.  Even assuming the 2004 Newman evidence might be relevant for the purpose of showing a "plan," the weight of such evidence must be balanced against the danger of unfair prejudice that could arise if the jury were informed that the Plaintiff had the Edel Haus fire a year or two before the Bistro fire, even if the jury were informed that the Defendant does not contend that the
 Plaintiff played any role in the initiation of those fires. The court is required to analyze the proposed Johnson  testimony, not involving this fire or claim, with the dangers set

ORDER - 6

forth in F. R. Evid. 403. The Ninth Circuit has recently reaffirmed the need for such analysis, albeit in a criminal case, in *United States v. Curtin*, ____F. 3d _____(9th Cir. No. 04-10632, May 24, 2007)(*en banc).*

The *Curtin* Opinion, at 613, further discussed the "character" evidence prohibition of Rule 404 and the Advisory Committee Notes to the 1972 Proposed Rules and the "discrete" purpose of Rule 404:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

As stated by this court in its oral opinion, the interjection of the Johnson testimony concerning the 2004 fire and subsequent events including wage continuation claims and denials would open up a mini-trial involving the unrelated 2004 Edel Haus fire and the claims made by the Plaintiff on a fire insurance policy investigated and paid by a separate insurance company. The unfair prejudice flowing from the interjection of another unrelated fire together with the expansion of this trial to include the claims made after the 2004 Edel Haus fire, outweigh the limited probative value of the proffered Johnson testimony which would seem more likely to be considered by the jury as "conformity" evidence as opposed to evidence of a plan in two unrelated fires despite instructions to the jury as to the limited purpose of such Johnson testimony.

**C.** Even if the balancing of the Rules 404(b) and 403 factors still allowed the Defendant to interject the Edel Haus fire and claims into this proceeding, the court concludes that the Defendant has unduly delayed its discovery of the alleged Johnson claims. The fire at the Echos Bistro occurred in November of 2005. The Plaintiff promptly disclosed to the Defendant the fact of the prior 2004 Edel Haus fire and signed and delivered to the Defendant in late 2005 or January of 2006, a release authorizing Charter Oak Insurance and its agents and investigators to obtain possession of the file of Oregon Mutual Insurance Company covering the 2004 Edel Haus fire. Included within

ORDER - 7

the Oregon Mutual file were the wage continuation claims filed by the Plaintiff including the name of Penny Johnson as a wage recipient. Thus, the Defendant had at least one full year prior to the cut-off date for filing its final list of trial witnesses to investigate the claims made in the 2004 Edel Haus matter, including wage continuation claims.

The Defendant Charter Oak, argues that the relevance of wage continuation claims paid by Oregon Mutual in the 2004 fire did not become apparent to it until May 11, 2006, when Dana Newman made a statement to the Defendant's investigator concerning the wage continuation claims made herein. However, this information was in the Defendant's hands even before this action was filed in August of 2006, and at least seven months before the Defendant was required to file its final list of trial witnesses and some ten months from the discovery cut-off date. The court is unable to find that the Defendant pursued this information with due diligence. Certainly, such additional witnesses would need to be deposed by counsel for the Plaintiff. However, with a Pre-Trial Conference date of June 8, 2007, and a trial date of June 18, 2007, it would be unreasonable to expect counsel for the Plaintiff to now find the time to investigate and prepare for depositions of additional trial witnesses. Counsel for the Plaintiff has advised the court that in view of the Plaintiff's critical need to have this matter resolved to enable him to complete the rebuilding of the Echos Bistro restaurant, a continuance of the trial date would be financially destructive.

For the foregoing reasons, the court concludes that the Defendant's Motion To Alter Scheduling Order and Motion To Supplement Defendant's Witness List to include Penny Johnson must be Denied. However, since the Plaintiff has had the opportunity to depose the belated listed witness Alicia Provo of the Washington State Employment Security Department as to employee filings and conversations the Plaintiff allegedly had concerning filing reports after the 2005 Echos Bistro fire at issue herein, the Defendant's

Motion To Amend Scheduling Order and Motion To Supplement Defendant's Witness

ORDER - 8

List is Granted to allow the trial testimony of additional witnesses Provo and Connie Lind only.

The Clerk of this court shall enter this Memorandum Opinion and Order and forward copies to counsel.

**DATED** this 30th day of May 2007.

<u>s/ Justin L. Quackenbush</u>
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9